IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

MAGRUDER J. SWEETING EL          :

    v.                           :   Civil Action No. DKC 12-3653

SONDRA J. CORNEJO                :

**MEMORANDUM OPINION**

Plaintiff Magruder J. Sweeting El, a Maryland resident proceeding *pro se*, commenced this diversity action by filing a complaint against Defendant Sondra J. Cornejo, a resident of California. The complaint alleges that Ms. Cornejo "misrepresented" an unspecified decedent's estate in the Orphans' Court for Prince George's County, Maryland; that, from January through December 2012, she failed to make installment payments on a judgment against her in the same court; and that she "confiscated the proceeds from an illegal sale of 1411 Early Oaks Lane, Capitol Heights, Md. [] 20744." (ECF No. 1, at 1-2).[1]

---

[1] While the complaint is lacking in detail, publicly available records reflect that this matter concerns the Estate of Juanita L. Lewis, which has been pending in the Orphans' Court for Prince George's County since 2006. Ms. Cornejo initially served as personal representative of the estate, but was removed by an order dated October 17, 2007, and Ms. Sweeting El was named as successor. The estate record reflects a dispute regarding Ms. Cornejo's sale of property on or about August 30, 2007, which appears to have played a role in her removal as personal representative. On or about January 7, 2009, the orphans' court entered a judgment in favor of the estate and

Plaintiff seeks as relief an order "revok[ing Ms. Cornejo's] passport; s[eizing] her assets; garnishing her wages; and/or revok[ing] said illegal sale of said property, and hold[ing] her . . . liable for said fraudulent actions." (*Id*. at 2). Concomitantly with her complaint, Plaintiff filed a motion for leave to proceed *in forma pauperis*, which was granted on January 3, 2013. Defendant has not yet been served.

Initially, it is unclear whether Plaintiff intends to bring this action in her individual capacity or in her capacity as personal representative of the decedent's estate. The complaint, supplemented by the estate record, reflects that Ms. Cornejo essentially absconded with estate property – *i.e.*, the proceeds from the unauthorized sale of real property – and that a judgment was entered against her by the orphans' court, which she has allegedly refused to pay. To the extent that Plaintiff, individually, seeks to recover that property, she appears to lack standing to bring this action because the money in question belongs to the estate, not to her personally. Moreover, the court would likely not have subject matter jurisdiction over an individual capacity suit due to the probate exception to federal diversity jurisdiction. Federal courts do not have jurisdiction

---

against Ms. Cornejo in the amount of $76,534.09, which she was subsequently ordered to pay in installments of $500.00 per month beginning October 30, 2009, and $2,000.00 per month beginning April 30, 2010.

to probate a will or administer an estate. *See Markham v. Allen*, 326 U.S. 490, 494 (1946). Thus, a federal district court may not act where to do so would "1) interfere with the probate proceedings; 2) assume general jurisdiction of the probate; or 3) assert control of property in the custody of state court." *Libonati v. Ransom*, 664 F.Supp.2d 519, 522 (D.Md. 2009) (quotation marks omitted). Insofar as Plaintiff seeks a judgment awarding her money that belongs to the estate, she appears to seek the administration of estate assets, which she cannot do in this court.

In the event that Plaintiff intends to file suit in her capacity as personal representative of the estate, the probate exception would likely not pose a jurisdictional bar. A different problem is posed in that circumstance, however, because Plaintiff may not represent the estate in this court unless she is an attorney. *See* Local Rule 101.1.a ("All parties other than individuals must be represented by counsel"). Because it appears that Plaintiff is not an attorney, she must obtain legal counsel if she intends to file suit on behalf of the estate.

Unfortunately, the complaint is beset by other problems. Insofar as it alleges fraud by Ms. Cornejo, it is subject to the heightened pleading standard of Federal Rule of Civil Procedure 9(b). *See Harrison v. Westinghouse Savannah River Co.*, 176 F.3d

3

776, 783-84 (4th Cir. 1999); *Dwoskin v. Bank of America, N.A.*, 850 F.Supp.2d 557, 569 (D.Md. 2012). Rule 9(b) provides, in relevant part, that, "in alleging a fraud or mistake, a party must state with particularity the circumstances constituting the fraud or mistake." Such allegations typically "include the 'time, place and contents of the false representation, as well as the identity of the person making the misrepresentation and what [was] obtained thereby.'" *Superior Bank, F.S.B. v. Tandem Nat'l Mortg., Inc.*, 197 F.Supp.2d 298, 313-14 (D.Md. 2000) (quoting *Windsor Associates, Inc. v. Greenfeld*, 564 F.Supp. 273, 280 (D.Md. 1983)). Plaintiff's complaint is plainly lacking in the requisite detail, as it merely contains conclusory allegations of fraud.

Furthermore, insofar as Plaintiff seeks to collect on a judgment entered against Ms. Cornejo by the orphans' court, it is unclear how any relief in this case would not be duplicative. Indeed, it appears that Plaintiff could obtain relief by recording the orphans' court judgment in California, where Defendant resides, and commencing attachment proceedings there. *See Silbrico Corp. v. Raanan*, 170 Cal.App.3d 202, 208 (1985) ("the judgment of a sister state must be recognized in a California court if that sister state had jurisdiction over the parties and the subject matter and all interested parties were given reasonable notice and opportunity to be heard"). This

4

court would have no authority to seize assets or garnish wages in California, and it is not clear how it would be authorized to revoke the sale of a parcel of real property in Maryland, which apparently occurred over five years ago.

Pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), where a plaintiff is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted[.]"  Because the instant complaint fails to state a plausible claim for relief, it must be dismissed.[2]

A separate order will be issued.

_____/s/_____
DEBORAH K. CHASANOW
United States District Judge

---

[2] Due to the issues discussed regarding standing and the probate exception, any amended complaint filed by Plaintiff in her individual capacity would be futile.  *See Matrix Capital Mgmt. Fund, LP v. BearingPoint, Inc.*, 576 F.3d 172, 193 (4th Cir. 2009) ("leave to amend should be denied . . . [if] amendment would be futile").  If Plaintiff wishes to pursue this action on behalf of the estate, she must retain counsel, who will be able to assist her in reopening the case.